IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-01304-CMA-CBS

JOSEPH DANILUK,

    Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY COMPANY,

    Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Joseph Daniluk's Motion to Reconsider and to Alter Judgment. (Doc. # 59.) Because Plaintiff's motion for reconsideration under Rule 59(e) is untimely, and he has not alleged any meritorious basis for reconsideration under Rule 60, his motion is denied.

### I.  BACKGROUND

The facts and background of this case are set forth in detail in *Daniluk v. Norfolk Southern Railway Company*, No. 13-cv-01304-CMA-CBS, 2015 WL 148560, at *1 (D. Colo. Jan. 12, 2015). On January 12, 2015, the Court granted Defendant's Motion for Summary Judgment (Doc. # 21). (Doc. # 54.) The Court dismissed Plaintiff's claim pursuant to Fed. R. Civ. P. 56(a). Plaintiff now moves this Court to reconsider that determination under Fed. R. Civ. P. 59(e). (Doc. # 59.) On March 11, 2015, Defendant filed a response. (Doc. # 60.) Plaintiff did not file a reply.

## II. **DISCUSSION**

Plaintiff seeks reconsideration under Fed. R. Civ. P. 59(e). (Doc. # 59 at 1.) Defendant argues Plaintiff's claim is untimely under Rule 59(e), and fails on its merits under Rule 60(b). (Doc. # 60 at 1–2.)

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, however the rules allow a litigant subject to an adverse judgment to file a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Under Rule 59(e), a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. A motion not served within the twenty-eight days of the district court's judgment, will be construed as one pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

On January 12, 2015, the Court entered a final judgment. On February 19, 2015, 38 days later, Plaintiff filed his motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). Plaintiff untimely filed his motion under Rule 59(e); and the Court lacks jurisdiction to extend this mandatory filing deadline. *Pratt v. Petroleum Prod. Mgmt. Inc. Employee Sav. Plan & Trust*, 920 F.2d 651, 656 (10th Cir. 1990) (district court is without jurisdiction to extend the time period contained in Rule 59(e)). Nevertheless, the Court will construe Plaintiff's motion as one pursuant to Rule 60(b).

A motion under Rule 60(b) must be made "within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Relief under Rule 60(b) is discretionary and warranted only in

exceptional circumstances.  *Van Skiver*, 952 F.2d at 1244.  A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment, which are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b); *Van Skiver*, 952 F.2d at 1244.  "Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts, which were available for presentation at the time of the original argument."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) (citing *Van Skiver*, 952 F.2d at 1243).

In this case, Plaintiff does not demonstrate any of the six grounds for relief from judgment as articulated in Rule 60(b).  Plaintiff simply argues that Defendant interfered in the contract between Superloads Inc. ("Superloads") and Suntrans International, Inc. ("Suntrans").[1]  However, the Court previously addressed this issue, and held that the agreement between Suntrans and Superloads was not breached; thus, Plaintiff could not sustain a claim against Defendant for intentional interference with contract.  (Doc.

---

[1] Plaintiff also argues that Defendant "torturously, knowingly, wantonly, willfully, [and] maliciously" interfered in the contract between Superloads and Defendant.  (Doc. # 59 at 14.)  However, a party cannot interfere with its own contract. *MDM Grp. Associates, Inc. v. CX Reinsurance Co.*, 165 P.3d 882, 886 (Colo. App. 2007) ("[A] defendant cannot be liable for interference with its own contract.").  Thus, this claim cannot be maintained.

# 54 at 8.)  Rule 60(b) is not available to allow a party to merely reargue an issue previously address by the Court.

Further, Plaintiff attaches sixty pages of "exhibits" to his motion, none of which were appended to the opposition to Defendant's summary judgment motion or produced during discovery.  To the extent Plaintiff is arguing that these exhibits are "newly discovered evidence" under Rule 60, the Court is not convinced.  Plaintiff states, "[t]he Court's decision was not based on all the facts, many of which are self-evident, but many never clearly elucidated in the pleadings."  (Doc. # 59 at 1.)  However, Plaintiff does not explain to the Court why these documents, by due diligence, could not have been discovered in time to file a motion for a new trial under Rule 59(b).  Although Plaintiff was substituted as Plaintiff after Defendant's summary judgment motion was ripe, Plaintiff represented to the Court he would be substituting "AS IS WHERE IS," and would step into his predecessors shoes "as the litigation stands—briefed and ahead of trial."  (Doc. # 42 at 4.)  Plaintiff did not, at any time, request leave of the Court to file additional briefing in opposition to Defendant's summary judgment motion after substituting as Plaintiff.  Additionally, Plaintiff filed an affidavit in support of the summary judgment opposition brief, which demonstrates that Plaintiff was in contact with his predecessor and aware of the summary judgment proceedings at the time Plaintiff filed his opposition brief.  (Doc. #31–1.)  Rule 60(b)(1) is not available to allow Plaintiff to reargue issues previously addressed by the Court when the re-argument merely advances supporting facts that were available for presentation at the time of the original argument.

### III. **CONCLUSION**

Based on the foregoing, the Court ORDERS that Plaintiff's Motion to Reconsider and to Alter Judgment (Doc. # 59) is DENIED.

DATED:  May    29   , 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge